946 So.2d 591 (2006)
Alexie R. KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1371.
District Court of Appeal of Florida, First District.
December 21, 2006.
Rehearing Denied January 22, 2007.
*592 Dale C. Carson, Jacksonville, and John M. Merrett, Jacksonville, for Appellant.
Charlie Crist, Attorney General, Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal from conviction and sentence for sexual abuse crimes, Appellant challenges the dispositive issue of whether the trial court erred by allowing the state to introduce Appellant's confession into evidence pursuant to section 92.565(2), Florida Statutes (2005). We agree with Appellant that the requirements of section 92.565(2) were not met and that the trial court erred by admitting Appellant's confession.
Appellant was charged with sexual abuse crimes against a minor. Appellant confessed to the charges. Subsequently, the victim recanted and stated that she would not cooperate with the prosecution nor would she testify at trial. The state sought to admit Appellant's confession pursuant to section 92.565(2).
Section 92.565(2) creates an exception to the corpus delicti rule for certain sexual abuse crimes. The corpus delicti rule is a fundamental and ancient rule of evidence which requires the state to prove the actus reus of a crime by independent means before the state can introduce into evidence any extrajudicial confessions of an accused. Lambright v. State, 34 Fla. 564, 16 So. 582, 585 (Fla.1894). For qualifying sexual abuse cases, section 92.565(2) allows the state to introduce a confession into evidence if the trial court determines that the confession is trustworthy and that the state is unable to establish an element of the crime. The statute provides trial courts with a non-exhaustive list of "factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime." § 92.565(2), Fla. Stat (2005). These factors
include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
Id.
The trial court concluded that Appellant's confession was trustworthy and that the state was unable to establish elements of the charged offenses because the victim refused to cooperate with the prosecution. When the trial court ruled that Appellant's confession could be admitted into evidence, Appellant pled no contest to the charges, but reserved the right to appeal this issue, which was stipulated to be dispositive. For the following reasons, the trial court erred in admitting Appellant's confession.
Because section 92.565 is in derogation of the common law corpus delicti rule, this statute must be "strictly construed, and should not be interpreted to displace the common law further than is necessary." Tillman v. State, 934 So.2d 1263, 1269 (Fla.2006). Given that this statute enumerates specific factors for the trial *593 court's consideration, strict construction requires the application of the principle of ejusdem generis. See Soverino v. State, 356 So.2d 269, 273 (Fla.1978)("Under the well-established doctrine of ejusdem generis, where general words follow the enumeration of particular classes of persons, the general words will be construed as applicable only to persons of the same general nature or class as those enumerated, unless an intention to the contrary is clearly shown [because] if the legislature had intended the general words to be used in their unrestricted sense, they would not have made mention of the particular classes.")(internal citations omitted). Applying the principle of ejusdem generis, it becomes clear that a prerequisite to the application of section 92.565(2) is the prosecution's inability to independently prove the crime due to some disability on the part of the victim. See Bradley v. State, 918 So.2d 337, 340 (Fla. 1st DCA 2005). As enunciated in the portion of the statute introducing the list of factors to be considered by the trial court, the disability which prevents the state from proving the elements of the crime must exist at the time the crime is committed. See § 92.565(2), Fla. Stat. (2005).
Here, the trial court attributed the State's inability to prove the corpus delicti to the victim's refusal to cooperate with the prosecution. Such refusal on the part of the victim is not sufficient to meet the requirements of the statute. The victim's statement during a deposition that she would not appear at a trial to testify against Appellant did not create the sort of disability contemplated by the statute and this alleged disability was not present at the time the crime was committed. Because the State's inability to prove the corpus delicti of the crime was not attributable to a disability of the victim present at the time of the crime, the trial court erred in admitting Appellant's confession.
Accordingly, Appellant's conviction is reversed. Because the state has stipulated that the confession issue is dispositive, this matter is remanded with directions for Appellant to be discharged.
ALLEN and DAVIS, JJ., concur; THOMAS, J., dissents with opinion.
THOMAS, J., dissenting.
I respectfully dissent. In my view, the majority opinion overlooks the broad language of section 92.565, Florida Statutes (2005), which eliminates the corpus delicti rule in the prosecution of sexual crimes, and it also misconstrues language meant only to provide guidance to trial courts in deciding whether the State has met its evidentiary burden to invoke the statute.
Section 92.565, Florida Statutes (2005), by its specific terms, applies to a wide range of crimes involving sexual assault, including incest, sexual performance by a child, aggravated child abuse involving sexual abuse, and contributing to the delinquency or dependency of a minor involving sexual abuse. In addition, section 92.565 specifically applies to "any other crime involving sexual abuse of another."
By today's decision, the statute will essentially now read as follows: Where the State cannot prove an element of the crime in cases involving sexual abuse, the court may admit memorialized trustworthy confessions or admissions if, and only if, at the time of the offense, the victim is incapacitated, disabled, helpless, or under the age of twelve. I do not believe the plain language of the statute supports this result.
The majority opinion conflicts with the unambiguous language of the statute, which eliminates the corpus delicti rule in the prosecution of crimes where the State is unable to show the existence of an element *594 of the crime. The legislature's broad power includes the power to abolish the corpus delicti rule and adopt a new rule if it so chooses, as it did here for cases involving sexual crimes. In my view, the doctrine of ejusdem generis does not apply here for two reasons: (1) the statute is not ambiguous; and (2) the operative provision clearly shows an intent to not restrict the application of the statute. Accordingly, I would affirm the trial court's ruling admitting Appellant's confession.

Facts
At trial, a detective testified that he was investigating allegations involving sexual conduct between the minor female victim and another adult male when Appellant's name was mentioned. Although the victim specifically denied any involvement with either man, Appellant immediately confessed when contacted by law enforcement. Appellant was then read his rights, and he voluntarily agreed to give a statement.
During the subsequent interview, Appellant informed the detective that he was the pastor of a small church and knew the victim from her visits to his church. Appellant admitted that he had engaged in sexual conduct with the victim when she was 12 or 13 years old. Appellant agreed to make a videotaped statement, where he confessed to and explained the numerous sexual encounters he had with the victim.
After Appellant gave his statement, the detective again contacted the victim. She was shown Appellant's videotaped confession, and the detective then videotaped his conversation with her. Although the victim stated that she did not want to prosecute Appellant because she felt he had done nothing wrong, the victim acknowledged that she and Appellant were intimate for almost a year. She said that the majority of Appellant's confession was true, although she disagreed with some of the particular details about their sexual encounters.
During a subsequent deposition, the victim, then 17 years old, answered almost every question by stating, "I have not had a relationship with that man," whether relevant or not. She repeatedly denied that any sexual conduct had occurred and stated that she only made her previous statements because the detective told her what to say. She also said she would refuse to cooperate in the investigation and would not testify at trial, even if compelled to appear by subpoena.
The State filed a motion to admit Appellant's confession pursuant to section 92.565, Florida Statutes (2005), arguing the confession was admissible because in the victim's deposition, she recanted her previous statements, denied that any abuse occurred, and stated that she would refuse to appear in court and testify against Appellant. The State argued that because the victim was not cooperative, it was unable to prove the existence of all elements of the crime without the admission of Appellant's confession.
At the hearing on the motion, the victim's mother testified that Appellant's wife informed her of the sexual relationship between the victim and Appellant. The victim then admitted the incidents to her, but would not disclose any details. The victim's mother testified that Appellant admitted to the relationship with the victim during a meeting at the church between herself, Appellant, Appellant's wife, and the victim.
The trial court granted the State's motion to admit Appellant's confession into evidence, finding the confession trustworthy by a preponderance of the evidence.

Analysis
Section 92.565, Florida Statutes (2005), eliminates the State's burden of establishing *595 corpus delicti in certain criminal cases involving sexual abuse:
1) As used in this section, the term "sexual abuse" means an act of a sexual nature or sexual act that may be prosecuted under any law of this state, including those offenses specifically designated in subsection (2).
2) In any criminal action in which the defendant is charged with [enumerated crimes] . . . or any other crime involving sexual abuse of another . . . the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds . . . that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
§ 92.565, Fla. Stat. (2005) (emphasis added).
The rule of corpus delicti is a common law rule and, as such, the legislature has the power to abolish it, unless constitutionally prohibited. Art. III, § 1, Fla. Const.; see Johnson v. State, 336 So.2d 93, 95 (Fla.1976) ("Clearly, the Legislature has the power to enact substantive law, and it is the duty of the courts to enforce such substantive law where constitutional." (footnote omitted)); State v. Smiley, 927 So.2d 1000, 1003 (Fla. 4th DCA 2006) (discussing legislation eliminating common law duty to retreat).
Acting on its constitutional authority, the legislature eliminated the rule of corpus delicti under certain conditions. As we noted in Bradley v. State, section 92.565, Florida Statutes (2005),
eliminates the need to establish the corpus delicti of the crime as a predicate to admitting the defendant's confession in evidence. When all of the conditions of the statute have been met, the state is entitled to introduce the defendant's confession. The state is not also required to present independent proof of each element of the crime, as it would be under the corpus delicti rule. An element of the crime may be established by the confession itself, so long as the corroborating evidence makes the confession trustworthy.
918 So.2d 337, 340 (Fla. 1st DCA 2005) (citations omitted). As pointed out by the majority, however, we further stated in Bradley that the legislature included in section 92.565 a requirement that "the state is unable as a result of some disability on the part of the victim to prove an element of the crime." Id. (emphasis added). This statement was not essential to the decision in Bradley; therefore, it is merely dicta. See State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation, 276 So.2d 823, 826 (Fla.1973) (explaining where a district court's statement was not essential to the court's decision, the statement is without force as precedent).
In Bradley, we rejected the defendant's argument that section 92.565(2) did not automatically apply where the victim was under 12 years of age. 918 So.2d at 341. There was no issue presented regarding the other statutory factors, such as the victim's incapacitation, nor were we required to determine whether the statutory *596 list of relevant factors was all inclusive. We did note, however, that
[s]ubsection (2) introduces a list of factors that "may be relevant," but it is then followed by a caveat that the statute is not limited to those factors. The word "may" was not used to signify that the listed factors may or may not apply, depending on whether they are justified, but rather to signify that the statute is not limited to those factors.

Id. (emphasis added). Thus, we acknowledged that the application of section 92.565 is not limited to only those situations listed in the provision itself. Id.
The case before us squarely presents the question of whether all conditions of the statute have been met where the State is unable to show the existence of each element of the crime as the result of the victim's refusal to cooperate with the prosecution. In my view, the statutory conditions were met and the trial court correctly admitted Appellant's confession.
Section 92.565, Florida Statutes (2005), authorizes a trial court to admit confessions in certain criminal cases involving sexual abuse where the State is unable to present evidence of each element of the crime and the trial court finds the confession trustworthy. The plain meaning of the "factors which may be relevant" language is that the legislature simply provided a non-inclusive list of examples to assist trial courts in determining whether the State had shown it could not otherwise prosecute a case unless the confession was admitted. Had the Legislature intended to make the list all inclusive, it would have simply done so.
Section 92.565 unambiguously states that it is not limited to the listed situations, therefore, there is no need to apply the rule of ejusdem generis to interpret the language. See McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998) ("[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction") (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). Thus, courts should apply ejusdem generis only where the intent of the legislature is unclear:
The doctrine of ejusdem generis applies when the following conditions exist: (1) the statute contains an enumeration by specific words; (2) the members of the enumeration suggest a class; (3) the class is not exhausted by the enumeration; (4) a general reference supplementing the enumeration, usually following it; and (5) there is not clearly manifested an intent that the general term be given a broader meaning than the doctrine requires. It is generally held that the rule of ejusdem generis is merely a rule of construction and is only applicable where legislative intent or language expressing that intent is unclear.
2A Norman J. Singer, Sutherland Statutory Construction § 47.18, at 287-288 (6th ed.2000).
Courts should decline to invoke the doctrine of ejusdem generis where the context and words of the statute clearly do not restrict application of the statute to objects of the same kind. See id., § 47.22, at 297-298 ("A final qualification on the doctrine is that the general words are not restricted in meaning to objects of the same kind . . . if there is a clear manifestation of a contrary intent.") (emphasis added). In my view, if the legislature intended to limit application of section 92.565, Florida Statutes, to only those types of situations listed, the statute would state that it applied only where disabilities such as age or incapacity existed.
*597 We should give full effect to the statute's unambiguous language. Art. II, § 3, Fla. Const.; State v. Jett, 626 So.2d 691, 693 (Fla.1993). In Forsythe v. Longboat Key Beach Erosion Control District, the Florida Supreme Court stated:
It is a fundamental principle of statutory construction that where the language of a statute is plain and unambiguous there is no occasion for judicial interpretation. As this Court set forth more than 70 years ago in Van Pelt v. Hilliard:
"The Legislature must be understood to mean what it has plainly expressed and this excludes construction. The Legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. If a legislative enactment violates no constitutional provision or principle it must be deemed its own sufficient and conclusive evidence of the justice, propriety and policy of its passage. Courts have then no power to set it aside or evade its operation by forced and unreasonable construction. If it has been passed improvidently the responsibility is with the Legislature and not the courts. Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they have plainly expressed, and consequently no room is left for construction, but if from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature." 2 Sutherland's Statutory Construction, Sec. 366, p. 701.
604 So.2d 452, 454-455 (Fla.1992) (quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-95 (1918)).
In reaching my conclusion, I rely on the plain meaning of the phrases "factors which may be relevant" and "include, but are not limited to" found in section 92.565. While we need not look to legislative history or staff analysis to find the objective meaning of this statute, I find such information corroborates the plain meaning.
A Senate staff analysis of the amendment adding this language notes that the amendment provides a "non-inclusive list of factors which may be relevant" in making the finding that the State is unable to show the existence of each element of the crime. Fla. S. Comm. on Crim. Just., CS for SB 840 (2000) House Message Summary 1 (May 4, 2000) (on file in State Archives) (emphasis added).
The House staff analysis similarly notes that the amendment provides "a list of factors which may be relevant to the court's determination of whether the state is able to show the elements of the crime." Fla. H.R. Comm. on Crime and Pun., HB 861 (passed as SB 840) (2000) Staff Analysis 6 (final June 13, 2000) (on file in State Archives). No staff analysis describes the language "included, but are not limited to" as an exclusive limitation to only those types of cases listed, and neither would I.
In my view, the critical focus of the statute is the trustworthiness of the confession, *598 not the particular reason why the State cannot prove an element of the crime. All that is required to invoke section 92.565 is that the trial court find that: (1) the defendant is charged with a crime involving sexual abuse of another; (2) the State is unable to show the existence of at least one element of the crime; and (3) the defendant's confession or admission is trustworthy. All three factors are present here; therefore, the trial court properly admitted Appellant's confession into evidence.
I would hold that section 92.565, Florida Statutes (2005), applies in situations where the victim is unwilling to testify. The factors listed in section 92.565(2) are not an exhaustive list, but merely provide examples of the types of situations that "may be relevant" when deciding whether to invoke the statute. Because Appellant's confession was properly admitted, I would affirm his conviction.