974 So.2d 1119 (2008)
STATE of Florida, Appellant,
v.
David Eric HOBBS, Appellee.
No. 5D07-1199.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
Rehearing Denied February 26, 2008.
*1120 Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
Frederick S. Jaeger, Jr., of Bonaccorsy, Fuller, Jaeger & Teifke, P.A., and Steven J. Guardiano, Daytona Beach, for Appellee.
TORPY, J.
David Eric Hobbs, Appellee, stands accused of sexual activity with a child by a person in a familial relationship and lewd or lascivious battery. The sole issue on appeal concerns the admissibility of Appellee's confession pursuant to section 92.565, Florida Statutes (2007), which eliminates the corpus delicti precondition for introduction of admissions and confessions in sexual abuse cases when the state is otherwise unable to prove the crime. Based on the First District's decision in Kelly v. State, 946 So.2d 591 (Fla. 1st DCA 2006), the trial court ruled that Appellee's confession was inadmissible because the State's inability to prove the crime was due to the victim's lack of cooperation rather than her incapacity. The State acknowledges that the trial court correctly applied Kelly, but contends here, as it did below, that Kelly's narrow construction of the statute is erroneous. Based on the unambiguous text of the statute, we agree and certify conflict with Kelly. Accordingly, we reverse and remand this cause for further proceedings.
Several days after the victim accused Appellee of improper sexual activity and gave a sworn statement to police, she recanted, claiming that she had fabricated the charges. Prior to the recantation, however, police had interviewed Appellee, and he provided a recorded confession. As a result of the recantation, the State filed a pretrial motion seeking to admit Appellee's confession without first proving each element of the charged offenses. The State's motion was based on section 92.565(2), Florida Statutes, which provides in pertinent part:
(2) In any criminal action in which the defendant is charged with a crime . . . involving sexual abuse . . . the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or

*1121 (c) Less than 12 years of age.
§ 92.565(2), Fla. Stat. (2007).
Despite the pervasive language of the statute, Appellee contends that the statute is only applicable when the state is unable to prove a crime because the victim is incapacitated or under the age of twelve, which the State concedes is not the case here. Appellee's position is grounded in the First District's decision in Kelly, which, on indistinguishable facts, held that section 92.565 only applies when the state is unable to prove a crime because of some disability on the part of the victim. Kelly, 946 So.2d at 593. Without identifying any ambiguity in the statute, the Kelly majority employed the statutory construction principle of ejusdem generis and concluded simply:
Applying the principle of ejusdem generis, it becomes clear that a prerequisite to the application of section 92.565(2) is the prosecution's inability to independently prove the crime due to some disability on the part of the victim.
Id.
Judge Thomas dissented in Kelly. He maintained that the majority had overlooked the broad language of the statute and misconstrued language meant only as a guide for trial judges in determining whether the state had met its evidentiary burden to invoke the statute. Because the statute is unambiguous and shows an intent against restriction of its terms, Judge Thomas argued that the majority erred in resorting to statutory construction. He argued that by stating that the factors which "may be relevant . . . include, but are not limited to" those listed, the legislature clearly and unambiguously expressed an intent to allow the trial court to utilize other factors and situations in making its determination. Therefore, he maintained, resort to the doctrine of ejusdem generis to determine legislative intent was improper. The dissent concluded:
In my view, the critical focus of the statute is the trustworthiness of the confession, not the particular reason why the State cannot prove an element of the crime. All that is required to invoke section 92.565 is that the trial court find that: (1) the defendant is charged with a crime involving sexual abuse of another; (2) the State is unable to show the existence of at least one element of the crime; and (3) the defendant's confession or admission is trustworthy. All three factors are present here; therefore, the trial court properly admitted Appellant's confession into evidence. I would hold that section 92.565, Florida Statutes (2005), applies in situations where the victim is unwilling to testify. The factors listed in section 92.565(2) are not an exhaustive list, but merely provide examples of the types of situations that "may be relevant" when deciding whether to invoke the statute. . . .
Id. at 597-98.
We agree with Judge Thomas. While maxims such as ejusdem generis are intended to aid in the construction of statutes, our first consideration is to give effect to the intent of the legislature as evidenced by the plain meaning of the text. Capers v. State, 678 So.2d 330, 332 (Fla. 1996). Ejusdem generis should only come into play when it is necessary to construe an ambiguous statute, not to create an ambiguity in a clearly worded statute. Jacobo v. Bd. of Trs. of Miami Police, 788 So.2d 362, 363 (Fla. 3d DCA 2001). It is similarly inappropriate to use the maxim if, as a result, the court fails to give meaning to all of the words used by the legislature. Fla. Police Benev. Ass'n, Inc. v. Dep't of Agric. & Consumer Servs., 574 So.2d 120, 122 (Fla.1991). This statute plainly and unambiguously permits the use *1122 of confessions in sexual abuse cases when the state is otherwise "unable" to prove the crime. The list of "factors," which "may be relevant," is just that  a list of some, but not all, evidentiary factors that the court can consider in its determination of whether the state can show an inability to prove the crime. Any contrary interpretation would necessitate that we erroneously deviate from the plain text and completely disregard the phrase, "but are not limited to."
Even assuming that an ambiguity exists in the statute, we do not think this is a proper case for the application of the ejusdem generis maxim. This maxim literally translates to "[o]f the same kind, class, or nature." Id. at 122 n. 1 (quoting Black's Law Dictionary 464 (5th ed. 1979)). It is derived from the broader maxim, "noscitur a sociis," which means that "general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the less general." State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381, 385 (Fla. 1958) (emphasis supplied).
For ejusdem generis to apply, there must be a list of specific items followed by a general term or phrase. The maxim is employed to construe the general term or phrase when it is ambiguous. Carraway v. Armour & Co., 156 So.2d 494, 495 (Fla.1963); State ex rel. Winton v. Town of Davie, 127 So.2d 671, 673 (Fla. 1961). The grouping of the words or association with each other is critical because that is what evinces the implied intent by the author that all of the items be construed as part of the same class of items. For example, had this statute stated that the "confession may be used when the victim is incapacitated, disabled, under the age of twelve or otherwise unavailable to testify," this might be an appropriate case for the application of the maxim to discern what is meant by the catch-all phrase, "otherwise unavailable to testify." In the example, there is a list of specific items in a series, followed by a general phrase, grouped in such a way as to give rise to the reasonable inference that the author intended the specific terms and catch-all phrase to be all of the same kind, class or nature.
Here, the statute contains no grouping of specific and general words and phrases. One sentence of the statute contains the premise: the confession is admissible when the state is unable to prove the crime. Another sentence contains a list of the non-exclusive, evidentiary factors a court may consider in its determination. There is no catch-all term or phrase to construe, whether following the list, grouped with the list or anywhere else within the statute. Although other rules of construction might be applicable assuming an ambiguity could be identified, attempting to apply this rule of statutory construction to this statute is like trying to drive a square peg into a round hole.
We conclude, therefore, that where a victim repudiates charges and declines to cooperate, and other evidence is not available to prove the corpus delicti, the burden of the state can be met even though the victim is not incapacitated. See Hernandez v. State, 946 So.2d 1270 (Fla. 2d DCA 2007) (statute permits use of trustworthy confession when state unable to locate victim). Because the trial court was bound by Kelly and based its ruling entirely on that precedent, it did not fully address the issues and make the specific findings required by the statute. On remand, the trial court shall conduct a new hearing, as contemplated by the statute, and make specific findings as appropriate.
*1123 We certify that our holding today conflicts with the First District's decision in Kelly.
REVERSED AND REMANDED; CONFLICT CERTIFIED.
THOMPSON and LAWSON, JJ., concur.