999 So.2d 1025 (2008)
David Eric HOBBS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC08-615.
Supreme Court of Florida.
December 23, 2008.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, and Dale C. Carson of the Law Office of Dale C. Carson, Jacksonville, FL, for Petitioner.
Bill McCollum, Attorney General, Pamela J. Koller and Wesley Heidt, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
WELLS, J.
This case is before the Court for review of the decision of the Fifth District Court of Appeal in State v. Hobbs, 974 So.2d 1119 (Fla. 5th DCA 2008). The Fifth District Court of Appeal certified that its decision is in direct conflict with the decision of the First District Court of Appeal in Kelly v. State, 946 So.2d 591 (Fla. 1st DCA 2006). The conflict issue is whether, for purposes of admitting a defendant's statement pursuant to section 92.565, Florida Statutes, a victim's recantation is relevant to the trial court's determination of whether the State is unable to show the existence of each element of the charged offense. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We hold that the plain language of section 92.565 does not prohibit a trial *1026 court from considering a victim's recantation as a factor relevant to whether the State is unable to show the elements of the crime.

I. FACTS AND PROCEDURAL HISTORY
In November 2006, David Eric Hobbs' then seventeen-year-old daughter gave a sworn statement to law enforcement officers accusing Hobbs of improper sexual activity. Several days later, the daughter recanted, claiming that she made up the accusations because she was angry with her father. Prior to the recantation, Hobbs gave a tape-recorded statement to law enforcement officers. In December 2006, Hobbs was charged by information with sexual activity with a child by a person in a familial relationship and lewd or lascivious battery.
In January 2007, the State filed a pretrial motion pursuant to section 92.565, Florida Statutes (2007), seeking to admit Hobbs' statement without first showing the existence of each element of the charged offenses. Section 92.565, Florida Statutes (2007), titled "Admissibility of confession in sexual abuse cases," provides:
(1) As used in this section, the term "sexual abuse" means an act of a sexual nature or sexual act that may be prosecuted under any law of this state, including those offenses specifically designated in subsection (2).
(2) In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; s. 794.05; s. 800.04; s. 826.04; s. 827.03, involving sexual abuse; s. 827.04, involving sexual abuse; s. 827.071, or any other crime involving sexual abuse of another, or with any attempt, solicitation, or conspiracy to commit any of these crimes, the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
(3) Before the court admits the defendant's confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.
(4) The court shall make specific findings of fact, on the record, for the basis of its ruling.
The State argued that the trial court was not limited to considering solely the factors listed in section 92.565(2) when determining if the State was unable to show the elements of the crime. The State asserted that the trial court should consider the victim's limited education and the pseudo-husband and wife relationship between the victim and her father. The State also argued that there was sufficient corroborating evidence to demonstrate the trustworthiness of defendant Hobbs' statement.
*1027 In response, Hobbs argued that the requirements of section 92.565 were not satisfied in his case. He asserted that the trial court should follow the First District's decision in Kelly, where in similar factual circumstances, the First District strictly construed section 92.565 and held that the statute is applicable when the State is unable to show the existence of each element of the crime due to a disability of the victim that existed at the time of the alleged offense.
The trial court held a hearing on the motion to admit the statement. The State conceded that none of the factors listed in section 92.565(2) applied to this case and that Kelly was contrary to the State's position. Relying on Kelly and Bradley v. State, 918 So.2d 337, 340 (Fla. 1st DCA 2005) (holding that prerequisite to application of section 92.565 is State's inability to independently prove elements of alleged offense due to disability of victim), the trial court ruled that defendant Hobbs' statement was inadmissible. The trial court found that the State "failed to show that the victim was statutorily disabled when the offenses were committed against her or that her recanted statement created a disability." State v. Hobbs, Case No.: 2006-CF-15914 (Fla. 9th Cir. order filed Mar. 21, 2007) at 2-3. The trial court reasoned that a victim's voluntary refusal to cooperate "is not akin to the mental and/or physical disability set out in section 92.565." Id. at 2. The State appealed.
The Fifth District reversed and remanded, holding that "where a victim repudiates charges and declines to cooperate, and other evidence is not available to prove the corpus delicti, the burden of the state can be met even though the victim is not incapacitated." Hobbs, 974 So.2d at 1122 (citing Hernandez v. State, 946 So.2d 1270 (Fla. 2d DCA 2007) (holding statute permits use of trustworthy confession when State unable to locate victim)). The Fifth District agreed with Judge Thomas's dissent from Kelly, finding that the statute
plainly and unambiguously permits the use of confessions in sexual abuse cases when the state is otherwise "unable" to prove the crime. The list of "factors," which "may be relevant," is just that  a list of some, but not all, evidentiary factors that the court can consider in its determination of whether the state can show an inability to prove the crime. Any contrary interpretation would necessitate that we erroneously deviate from the plain text and completely disregard the phrase, "but are not limited to."
Id. at 1121-22. The Fifth District remanded with instructions that the trial court conduct a new hearing and make factual findings as required by section 92.565 and certified conflict with Kelly.

II. ANALYSIS
This Court reviews de novo a district court's decision on an issue of statutory interpretation. McDonald v. State, 957 So.2d 605, 610 (Fla.2007). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)).
Here, the statute at issue provides that in certain criminal actions a defendant's confession or admission is admissible during trial without the State having to independently prove the corpus delicti of the crime
if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of *1028 each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
§ 92.565(2), Fla. Stat. (2007) (emphasis added). We agree with the Fifth District that this statute is plain and unambiguous. The enumerated factors provide guidance to trial courts in making the factual findings required by the statute. As explained by the Legislature, the victim's capacity at the time of the alleged offense may be relevant to whether the State is unable to show the elements of the crime. However, the plain language of section 92.565 does not limit the trial court to considering only the victim's physical and mental capacity at the time that the crime was committed. To the contrary, the phrase "but are not limited to" plainly expresses that in determining whether the State is unable to show the existence of the elements of the alleged offense without the defendant's statement, the trial court may consider factors other than those set out in section 92.565. Thus, we hold that a trial court may consider a victim's recantation when determining whether the State is unable to prove the existence of the elements of the crime for purposes of admitting a statement pursuant to section 92.565.[1]

III. CONCLUSION
For the reasons stated in this opinion, we approve the Fifth District's decision remanding this case to the trial court to conduct a new hearing and to make specific factual findings as to whether Hobbs' statement may be admitted under section 92.565. We disapprove the First District's decision in Kelly to the extent that the First District concluded that the State is unable to show the existence of the elements of the crime for purposes of section 92.565 only where the State's inability is caused by mental or physical disability of the victim at the time of the alleged offense.
It is so ordered.
QUINCE, C.J., and ANSTEAD, PARIENTE, LEWIS, CANADY, and POLSTON, JJ., concur.
NOTES
[1] While our decision is based on the plain language of section 92.565, the legislative history of the statute further supports our holding that a trial court may consider a victim's recantation in determining whether the State is unable to show the existence of the elements of the crime. A legislative staff analysis of section 92.565 drafted just prior to its enactment explained that the purpose or intent of the statute was to replace the common law corpus delicti rule with the trustworthiness doctrine with respect to the enumerated sexual offenses. See Fla. S. Comm. on Crim. Just., CS for SB 840 (2000) Staff Analysis 1 (Mar. 23, 2000) ("Committee Substitute for Senate Bill 840 provides that a defendant's confession or admission to crimes involving `sexual abuse' is admissible without having to establish the `corpus delicti' of the crime if the court conducts a hearing outside the presence of the jury and finds that the confession or admission is trustworthy."). This intent to replace the corpus delicti rule with a trustworthiness standard for certain types of crimes would be thwarted were the Court to interpret section 92.565 as replacing corpus delicti only in cases where the victim is disabled.