LEVINE, J.
 

 The issue presented on appeal is whether appellant’s confession to the police was properly admitted into evidence at trial pursuant to section 92.565, Florida Statutes, despite the fact that the state was unable to establish the corpus delicti for the crime of sexual battery of a child, W.B. We find that the trial court did not err in determining that appellant’s statement was trustworthy and as such admissible under section 92.565, and we affirm appellant’s conviction. However, we also find that the trial court erred in calculating appellant’s sentencing scoresheet, and as such, we reverse for the trial court to resentence appellant based on a corrected scoresheet.
 

 Appellant was charged with lewd and lascivious molestation of T.D. and with the sexual battery of both W.B. and P.D. Appellant was found not guilty of the lewd and lascivious molestation charge but guilty of the sexual battery charges after a jury trial, and the trial court sentenced appellant to twenty-five years in prison.
 

 The main issue on appeal is whether the trial court erred in admitting appellant’s incriminating statements, where he confessed to having sexual relations with both P.D. and W.B. At a pretrial hearing, the state filed a motion to admit appellant’s statement, without establishing the corpus delicti of the crime of sexual battery as to W.B. The state relied on section 92.565, Florida Statutes, which states:
 

 In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; [or] s. 800.04 ... involving sexual abuse ... the defendant’s memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant’s confession or admission is trustworthy.
 

 The statute also looks to other factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime, including that at the time the crime was committed, the victim was physically helpless, physically incapacitated, or less than twelve years of age.
 

 In the present case, W.B. initially told the police that she had sex with appellant on more than one occasion. Subsequently, at depositions, W.B. recanted her accusations against appellant. However, P.D. did not recant her accusations against appellant, which included having sex with appellant about once a week. Further, P.D. described intimate details of her last sexual encounter with appellant that corroborated the statement appellant gave the police. Appellant described the details of his encounters, and specifically the last encounter with P.D., in the same taped interview that the state wanted to introduce as evidence of appellant’s sexual battery of W.B.
 

 In a pretrial hearing, the trial court found appellant’s statements were sufficiently trustworthy to admit them as to W.B. The trial court found the detailed statements by appellant, including the frequency of the encounters and the specific details of the intimate encounter between P.D. and appellant, satisfied the trustworthiness requirement of section 92.565. This appeal ensues.
 

 
 *702
 
 A trial court’s findings of fact will be sustained on appeal if supported by competent, substantial evidence. The trial court’s resolution of legal questions and application of the facts to the law are reviewed de novo on appeal.
 
 See, e.g., State v. Glatzmayer,
 
 789 So.2d 297, 301 n. 7 (Fla.2001).
 

 In the present case, as to the allegations concerning W.B., since her recantation, the only evidence against appellant is his confession. The Florida Supreme Court has held that “a trial court may consider a victim’s recantation when determining whether the State is unable to prove the existence of the elements of the crime for purposes of admitting a statement pursuant to section 92.565.”
 
 Hobbs v. State,
 
 999 So.2d 1025, 1028 (Fla.2008). Therefore, since the state cannot prove the corpus delicti of the crime concerning W.B., the state must then “prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness” of the defendant’s confession. § 92.565(3), Fla. Stat.
 

 The statute eliminates the state’s burden of “establishing] the corpus delicti of the crime as a predicate to admitting the defendant’s confession in[to] evidence.”
 
 Bradley v. State,
 
 918 So.2d 337, 340 (Fla. 1st DCA 2005). The Florida statute is similar to the federal standard for the admissibility of a defendant’s confession. When attempting to determine the trustworthiness of a defendant’s confession, federal courts have looked to evidence “typically used to bolster the credibility and reliability of an out-of-court statement.”
 
 United States v. Singleterry,
 
 29 F.3d 733, 737 n. 3 (1st Cir.1994). For example, federal courts could find the requisite corroboration to establish trustworthiness “in the detailed nature of the confession itself, or in the recital of facts that would be unknown to anyone other than the criminal.”
 
 United States v. Felder,
 
 572 F.Supp. 17, 22 (E.D.Pa.1983). The evidence used to corroborate the confession “may even be collateral to the crime itself.”
 
 Virgin Islands v. Harris,
 
 938 F.2d 401, 410 (3d Cir.1991).
 

 In the present case, despite the fact that W.B. recanted, there is sufficient evidence in the record to support the trial court’s finding of trustworthiness. Appellant gave a statement in which he confessed to sexual relations with W.B. and P.D. Appellant also subsequently wrote a letter of apology to all three girls. Appellant’s oral statement included several indicia of trustworthiness that would have been unknown to anyone other than the criminal. For example, appellant and P.D. independently testified to the specific nature and position of their sexual encounter. Both appellant and P.D. described a single encounter in which P.D. performed oral sex on appellant. Further, appellant and P.D. confirmed they had multiple sexual encounters over a period of years. The fact that P.D. corroborated appellant’s confession is sufficient to guarantee the trustworthiness of his admissions as related to W.B.
 
 See, e.g., United States v. Wilson,
 
 436 F.2d 122, 124 (3d Cir.1971) (holding that “[s]ince two parts of [the defendant’s] admission were corroborated by other evidence, this established the trustworthiness of the entire admission and authorized the prosecutor to prove the element of interstate transportation solely by [the defendant’s] admission”). Finally, even W.B.’s initial statement to the police, before she recanted, corroborated appellant’s statement as to the fact that appellant and W.B. had sex on more than one occasion. In summary, appellant’s entire confession detailing criminal conduct with both W.B. and P.D. was sufficiently corroborated by all of the above factors. Thus, the trial
 
 *703
 
 court correctly admitted the confession at trial, and we affirm appellant’s conviction.
 

 However, we reverse appellant’s sentence, since the scoresheet assessed in error points for penetration, where the jury verdict form did not distinguish the findings that substantiated the verdict between “penetration” and “union” with the victim’s sexual organ. We find no basis in the record to support the assessment of sexual penetration points as to W.B. “[A]l-though the sentence imposed in this case falls within the permitted range of a properly prepared scoresheet, we cannot conclude with certainty that appellant’s sentence would have been the same if the trial court had used a properly prepared score-sheet.”
 
 Val v. State,
 
 741 So.2d 1199, 1200 (Fla. 4th DCA 1999). Therefore, we reverse appellant’s sentence as to the sexual battery of W.B. and remand for resentenc-ing with a corrected scoresheet.
 
 [1]
 

 In summary, we affirm the conviction and reverse and remand for a new sentencing hearing.
 

 Affirmed in part, reversed in part, and remanded.
 

 CIKLIN, J., and THORNTON, JOHN W., JR., Associate Judge, concur.
 

 [1]
 

 . However, we find no violation of
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
 
 See Galindez
 
 v.
 
 State,
 
 955 So.2d 517, 519 (Fla.2007) ("[A] judge may not find any fact that exposes a defendant to a sentence
 
 exceeding the relevant statutory maximum
 
 (emphasis added).