# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0499
_____

SAMANTHA SCHAUER,

    Appellant,

    v.

BRYAN MITCHELL,

    Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
Frederick Laurence Koberlein, Jr., Judge.

January 23, 2025

PER CURIAM.

Samantha Schauer appeals the trial court's nonfinal order finding that Bryan Mitchell's paternity had been established and denying Schauer's Emergency Verified Motion for Child Pick-Up Order. Schauer argues that the trial court erred in finding that paternity had been established because neither she nor Mitchell petitioned for a paternity determination. She also argues that the trial court erred in not granting the child pick-up order because Mitchell had no custodial rights over the child. We disagree and affirm.

Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b. provides district courts of appeal jurisdiction over nonfinal orders in family law matters that determine the "rights or obligations of

a party regarding child custody." Because the nonfinal order determined the right to immediate child custody, this Court has jurisdiction.

The trial court did not err in entering an order finding that Mitchell's paternity had been established by voluntary acknowledgment of paternity. Mitchell is on the child's birth certificate and Schauer acknowledges his paternity. *See* § 742.10(1), Fla. Stat. (providing for the establishment of paternity); *Miller v. Gordon*, 365 So. 3d 1247, 1249 n.* (Fla. 1st DCA 2023) ("Because Miller appears on the child's birth certificate and the mother does not challenge Miller's status as the father, a paternity hearing was neither required nor permitted.") (citing § 742.10(1), Fla. Stat.).

Nor did the court err when it entered the order denying Schauer's motion for a child pick-up order. As of July 1, 2023, the Legislature amended section 744.301(1) to provide that "[t]he mother of a child born out of wedlock and a father who has established paternity under s. 742.011 or s. 742.10 are the natural guardians of the child and are entitled and subject to the rights and responsibilities of parents." § 744.301(1), Fla. Stat. Florida courts have yet to interpret the new section 744.301(1). But a plain reading of the statute affords custody rights to a father whose paternity has been established. *See Hobbs v. State*, 999 So. 2d 1025, 1027 (Fla. 2008) ("'[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984))). A father whose paternity has been established is a natural guardian of the child and is entitled and subject to the rights and responsibilities of parents. Thus, following the court's finding that paternity had been established, Mitchell had custodial rights.

AFFIRMED.

ROWE, KELSEY, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andrew J. Decker, IV of The Decker Law Firm, P.A., Lake City, for Appellant.

No appearance by Appellee.