918 So.2d 337 (2005)
Brandon K. BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3889.
District Court of Appeal of Florida, First District.
December 9, 2005.
Rehearing Denied January 13, 2006.
*338 Nancy A. Daniels, Public Defender; Janice G. Scott, Assistant Public Defender; and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Sherri Tolar Rollison, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Brandon Bradley appeals his conviction for capital sexual battery. He argues that the trial court erred in allowing the jury to hear his extrajudicial confession, because the state had no other evidence of sexual union and thus no independent proof that the crime of capital sexual battery was committed. We conclude that the confession was properly admitted under section 92.565, Florida Statutes, which creates an exception to the general rule requiring the state to prove the corpus delicti of a crime as a predicate to the introduction of a confession. Therefore, we affirm.
The child victim was an eleven-year-old living at home with his mother, and the defendant, who is the child's older cousin, was temporarily residing in the home with them. The child and the defendant slept in bunk beds in the same room. On at least five occasions while the two were living together, the defendant touched the child's penis with his hand. These touchings took place in various places in the house, most often in the child's bed. The child could not say whether the defendant ever put his mouth on his penis, but he acknowledged that the defendant may have done that while he was sleeping.
When the child informed his mother that the defendant had touched his penis, she confronted the defendant with the accusation. At that time, the defendant denied *339 that he had touched the child. The child's mother was called as a witness at trial and she related these statements by the child and the defendant to the jury. She added that the child had never made an accusation like this against anyone else.
Following the testimony of the child and his mother, the state proffered the testimony of David Yokum, the police detective who interviewed the defendant. Detective Yokum stated that he advised the defendant of his rights and that he made no promises to him before the questioning began. The defendant waived his right to counsel and then confessed that he had touched and placed his mouth on the victim's penis on several occasions. The statement was then reduced to writing.
Defense counsel objected to the admission of the statement on the ground that the state had failed to present any independent evidence of oral-genital contact. The premise of this argument is that capital sexual battery requires proof of either oral-genital contact or penetration. The crime is not proven merely by showing that the defendant touched the victim's genitals with his hand. Without the confession, defense counsel argued, the state had no evidence that the crime of capital sexual battery had been committed.
The trial court overruled this objection and held that the confession was admissible under section 92.565, Florida Statutes. The court concluded that the statute was properly invoked because the child was under the age of twelve, and that the defendant's confession was admissible irrespective of the corpus delicti rule because it was trustworthy. On the question of trustworthiness, the court found that the defendant's confession was corroborated by the child's testimony, that the additional details in the confession were not inconsistent with the child's version of the events, that the identity of the defendant was not in question, and that the defendant made his confession freely and voluntarily.
With the benefit of this ruling, the state introduced the defendant's confession in evidence before the jury. Detective Yokum related the events leading up to his questioning of the defendant, and the members of the jury were then given a copy of the defendant's written statement to refer to as the detective read it aloud.
The jury found the defendant guilty as charged of capital sexual battery, and the trial court imposed the mandatory sentence of life without parole. The defendant was also convicted and sentenced to a concurrent term of fifteen years on a separate charge of lewd or lascivious molestation, but this conviction is not contested on appeal. Following the denial of a motion for a new trial, the defendant filed a timely appeal to this court.
We begin with a brief statement of the general predicate for admitting a confession in evidence in a criminal trial. Florida courts continue to hold that the corpus delicti of a crime must be established independently of the defendant's confession. See Franqui v. State, 699 So.2d 1312 (Fla.1997); Burks v. State, 613 So.2d 441 (Fla.1993). Consequently, the state must present evidence to show that the crime was committed and that all of the elements exist before the defendant's confession may be admitted in evidence. See State v. Allen, 335 So.2d 823 (Fla.1976). This requirement is designed to ensure that a criminal defendant will not be convicted of a crime solely on the basis of a false confession.
If the outcome of the present case depended on the application of the corpus delicti rule as established in the case law, the defendant would have a good argument that his confession should have been excluded. *340 However, this case is not controlled by the general rule, but rather by section 92.565, Florida Statutes, which is as follows:
92.565. Admissibility of confession in sexual abuse cases
(1) As used in this section, the term "sexual abuse" means an act of a sexual nature or sexual act that may be prosecuted under any law of this state, including those offenses specifically designated in subsection (2).
(2) In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; s. 794.05; s. 800.04; s. 826.04; s. 827.03, involving sexual abuse; s. 827.04, involving sexual abuse; or s. 827.071, or any other crime involving sexual abuse of another, or with any attempt, solicitation, or conspiracy to commit any of these crimes, the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
(3) Before the court admits the defendant's confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.
(4) The court shall make specific findings of fact, on the record, for the basis of its ruling.
This statute eliminates the need to establish the corpus delicti of the crime as a predicate to admitting the defendant's confession in evidence. See State v. Dionne, 814 So.2d 1087, 1091 (Fla. 5th DCA 2002); Geiger v. State, 907 So.2d 668 (Fla. 2d DCA 2005). When all of the conditions of the statute have been met, the state is entitled to introduce the defendant's confession. The state is not also required to present independent proof of each element of the crime, as it would be under the corpus delicti rule. An element of the crime may be established by the confession itself, so long as the corroborating evidence makes the confession trustworthy.
Section 92.565 serves the same general purpose as the corpus delicti rule but it contains a different set of safeguards. A defendant's confession is admissible in evidence under the statute only if: (1) the offense qualifies as a sexual abuse case; (2) the state is unable as a result of some disability on the part of the victim to prove an element of the crime; (3) the state has proven that the defendant's confession is trustworthy; and (4) the trial court has made specific findings of fact on the issue of trustworthiness. All of these requirements are subject to appellate review.
*341 In the present case, the record amply supports the trial court's finding of trustworthiness. Detective Yokum testified that the confession was made freely and voluntarily, and nothing in the record suggests otherwise. Moreover, the child's testimony is entirely consistent with the defendant's confession. The only difference is that the defendant added a detail that the child may not have been able to perceive. Under the circumstances, the child's testimony provides strong corroboration. It would be unreasonable to assume that the defendant was truthful about the fact that he committed a crime of sexual abuse, that he was truthful about the time and place of the crime, but that for some reason he added a false detail that made the crime more serious.
This brings us to the more difficult question of whether the state met all of the requirements for invoking section 92.565 in the present case. The defendant contends that the statute is not automatically applicable merely because the victim was under the age of twelve. He argues that age of the victim is not invariably a reason to dispense with the corpus delicti rule, because the statute lists the age of the victim as a factor that "may be relevant in determining whether the state is unable to show the existence of each element of the crime." We reject this interpretation of the statute, as it appears to take one phrase out of context in a way that would not do justice to the statute as a whole.
If subsection (2)(c) means that a case involving a victim under twelve may or may not qualify, depending on the child's ability, there would be no reason to have a separate exception in subsection (2)(b) for those who are "incapacitated due to age, infirmity, or any other cause." A more reasonable interpretation of the statute is that subsection (2)(b) creates a subjective exception for those cases in which the victim is unable to relate the events, and subsection (2)(c) creates a bright-line exception for victims under the age of twelve.
This interpretation is also supported by the structure of the statute. Subsection (2) introduces a list of factors that "may be relevant," but it is then followed by a caveat that the statute is not limited to those factors. The word "may" was not used to signify that the listed factors may or may not apply, depending on whether they are justified, but rather to signify that the statute is not limited to those factors.
On a closely related point, the defendant also maintains that section 92.565 is inapplicable if the state's inability to prove an element of the crime is not related to the victim's young age. He argues that the reason the victim was unable to testify to sexual union was not that he was immature, inarticulate, or shy, but rather that it simply did not occur. We reject this interpretation as well. Section 92.565, like the capital sexual battery statute itself, sets a definite limit at the age of twelve. Whether a child under this age is expressive or articulate is immaterial.
For these reasons, we hold that the defendant's confession was properly admitted in evidence under the provisions of section 92.565, Florida Statutes. The trial judge made detailed findings of fact in support of her conclusion that the defendant's confession was trustworthy, and those findings are supported by the evidence in the record.
Affirmed.
KAHN, C.J. and WOLF, J., concur.