LUCAS, Judge,
Dissenting.
Relying upon Geiger v. State, 907 So.2d 668 (Fla. 2d DCA 2005), the majority affirms the denial of the- State’s motion to admit the recordéd statements of Kenneth Tumlinson, which concerned Mr. Tumlin-son’s confessions to molesting a thirteen-month-old child. In my view, the circuit court’s ruling was erroneously grounded upon the failure of the State to establish the corpus delicti[2] of Mr. Tumlinsori’s offense, a common law requirement that had no application here! A proper application of section 92.565 and our holding in Geiger compels reversal of the circuit court’s error, and so I respectfully dissent.
I.
For several months in 2Ó13, Mr. Tumlin-son had spent his days as something of a permanent houseguest in J.T.’s family’s house. During his stay there, J.T.’s mother recounted that on one occasion she left J.T. alone with her boyfriend and Mr, Tumlinson at the house while she went to run errands. She also recalled that, on more than one occasion, she witnessed Mr. Tumlinson sitting in the house with a baby *772 bottle or wearing adult diapers, behavior she described as “kind of odd.” Upon later discovering Mr. Tumlinson’s diaries in the house and a subsequent interview of Mr. Tumlinson by police detectives, the State filed an information, charging Mr. Tumlinson with one count of lewd and lascivious molestation of J.T. under section 800.04(5)(b), Florida Statutes (2013). With respect to his diary, the majority recounts its entries, which, I would simply observe, include extraordinarily detailed descriptions of interactions between Mr. Tumlin-son and J.T., who is specifically identified by name and appearance throughout his writings. The interactions described in Mr. Tumlinson’s diary vividly describe molestation of J.T. by Mr. Tumlinson. Because of J.T.’s infancy at the time of the alleged offense, the State’s case against Mr. Tumlinson rested almost entirely on the prior recorded and written confessions Mr. Tumlinson made to the two detectives that later interviewed him, as well as those recounted within his diary.
No evidence was ever presented, or even suggested, during the evidentiary hearings on the State’s motion that Mr. Tumlinson suffered from any incapacity or mental illness. At the conclusion of the second hearing, the court made several observations and findings that, to my reading, illustrate the court’s misunderstanding of the law and the basis for reversing its order:
THE COURT: [The State] ha[s] to prove something, the guy who was the family member saw [Mr. Tumlinson’s] hand on the diaper, the child has a rash. There was some indication of sexual assault. There is some indication of some action that would prove ninety percent of your case, notwithstanding the journal. You’ve got nothing. You’ve got a baby at a house .... and this person visited that house on occasion a lot. That’s it. That’s all the facts that you have.
[[Image here]]
MR. ANDRINGA: Judge, respectfully, the issue is whether the defendant—it sounds like what the Court is saying, I’m not considering his statements and the law requires the Court to determine whether the statements are trustworthy.
THE COURT: I trust his statements one hundred percent. Your problem is you’re asking me to put them in without corpus delicti.
MR. ANDRINGA: But Judge, and that’s the point of the memo, and that’s the point of the statute, we do not have to prove corpus delicti under ■ Florida Statute 92.565, as long as his statements are trustworthy.
THE COURT: I disagree, Mr. Andrin-ga. I 100 percent disagree.... Geiger makes it clear, you cannot solely rely on the statements that are written, oral, in the journal, to law enforcement, recorded, unrecorded, any of them, because all of them come under your motion, your motion to admit these statements. They don’t come independent. I can only admit them only after you have proven your case, and it is clear that you cannot prove them. You cannot prove any part of any sexual assault ....
(Emphasis added.)
After hearing further arguments from counsel about the case and statutory authorities and reviewing the recorded interview of Mr. Tumlinson, the court concluded:
I find that the defendant’s journal entries, statements to law enforcement, are not due to a mental health issue, as far as I know.... We had our hearing and I didn’t hear- anything about his mental disability or ability. He had conversations with law enforcement. He was able to communicate with them. He was on the street. Everything seemed to be fine, so I’m fine with that. *773 My point is that you can’t use the statements that you’re asking me to admit to prove the crime.
When it later rendered its written order, the circuit court, again, engaged in a corpus delicti analysis to provide its basis for denying the State’s motion. According to the court’s order, the State failed to prove “that the Defendant was left alone with the victim” and “has only shown that the Defendant was a friend of the victim’s parents.” Which is to say, the State failed to establish a corpus delicti of this crime. The order did not purport to vacate or modify any of the prior findings the court had made on the record (e.g., that there was no evidence of any mental impairment on the part of Mr. Tumlinson; that Mr. Tumlinson’s statements to law enforcement were not the result of any mental disability; that “[everything seemed to be fine” with respect to his recorded interactions with the detectives; and that Mr. Tumlinson’s recorded statements were “one hundred percent” trustworthy). What factual findings the written order contained,[3] to my reading, had nothing to do with the trustworthiness of Mr. Tumlin-son’s confessions, but revolved entirely around whether the State had provided independent evidence of the offense’s commission. Cf. § 92.565(4). Thus, the absence of a corpus delicti appears to have served as the sole basis for the circuit court’s finding—and the majority’s affir-mance—that there was insufficient corroborating evidence of the trustworthiness of Mr. Tumlinson’s confessions.
II.
This appeal revolves around the “trustworthiness” that section 92.565(2) of the Florida Statutes requires; a requirement that, in this case, would deem Mr. Tumlin-son’s confessions as admissible “without the state having to prove a corpus delicti of the crime if the court finds in a hearing ... that the defendant’s confession or admission is trustworthy.” Section 92.565(3) describes the court’s role in gauging the trustworthiness of such a confession prior to its admission:
Before the court admits the defendant’s confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant’s statements.
Section 92.565(4) requires the circuit court to “make specific findings of fact, on the record, for the basis of its ruling.”
The effect this statute’s passage had on the common law requirements of corpus delicti was summarized in Bradley v. State, 918 So.2d 337 (Fla. 1st DCA 2005):
This statute eliminates the need to establish the corpus delicti of the crime as a predicate to admitting the defendant’s confession in evidence. When all of the conditions of the statute have been met, the state is entitled to introduce the defendant’s confession. The state is not also required to present independent proof of each element of the crime, as it would be under the corpus delicti rule. An element of the crime may be established by the confession itself, so long as the corroborating evidence makes the confession trustworthy.
*774 Id. at 340 (citations omitted); see also State v. Dionne, 814 So.2d 1087, 1092 (Fla. 5th DCA 2002) (observing that section 92.565 is “a procedural mechanism utilized to admit” certain confessions in criminal proceedings, which eliminated corpus de-licti as a required predicate for the admission of such confessions).
The circuit court’s order in this case could not be described as anything other than an application of the corpus delicti rule. And its application of the corpus delicti rule would have been flawless. Were it not for the enactment of section 92.565—which expressly authorizes the admission of a memorialized confession “without the state having to prove a corpus delicti of the crime”—I would have readily agreed with the circuit court’s ruling and joined in the majority’s affirmance of it. But corpus delicti has been supplanted by section 92.565 for this criminal offense. See Hernandez v. State, 946 So.2d 1270, 1275 (Fla. 2d DCA 2007) (“When section 92.565 is properly invoked, it replaces the corpus delicti doctrine with the trustworthiness doctrine with respect to the offenses listed in the statute.” (citing Geiger, 907 So.2d at 674)); Bradley, 918 So.2d at 340. When the circuit court determined that Mr. Tumlinson’s confession was, to paraphrase the court’s words, one hundred percent trustworthy, that he did not appear to suffer from any mental impairment, and the remaining requirements of the statute were stipulated or satisfied, his confession became admissible under section 92.665.
Our decision in Geiger should not be read to hold anything to the contrary. In Geiger, we reviewed whether a certified nursing assistant’s confession to sexually abusing Alzheimer’s patients was admissible under section 92.565. Unlike the case at bar, though, there was substantial evidence presented in Geiger that called the trustworthiness of the confession into serious doubt. A clinical psychologist recounted Mr. Geiger’s long and unfortunate history of major depression with psychotic features, opined about the “common phenomenon” of false confessions by persons who have delusions, and concluded that Mr. Geiger’s admissions could have been a fantasy or the result of a mental disorder. Id. at 671. We observed that “the State presented- no corroborating evidence establishing the trustworthiness of Geiger’s statements and no evidence, apart from those statements, that Geiger committed any crime.” Id. at 675. We concluded that the State had failed to present competent, substantial evidence that Mr. Geiger’s statements were trustworthy under section 92.565 and, in the absence of any other independent evidence of the offense’s commission, instructed the trial court to dismiss the sexual battery charge against the defendant. Id. at 676.
On its facts, Geiger is a far cry from the case at bar. There was nothing in the record below that ever called Mr. Tumlin-son’s veracity, acuity, or cognitive functions into question, “[Everything seemed fíne” with. Mr, Tumlinson’s interactions and his ability to communicate with the detectives, according to the circuit court. The court below specifically found there was no evidence that Mr. Tumlinson’s confessions could have been the result of any mental impairment or disease,. and the statements themselves identified J.T. in detail and during the same time frame as Mr, Tumlinson’s extended stay at J.T.’s house. I simply find it impossible to reconcile the circuit court’s finding that Mr. Tumlinson’s admission was “one hundred percent”- trustworthy with the court’s conclusion that it was not under Geiger.
The legal rule the circuit court apparently gleaned from Geiger was equally unfounded. We did not hold in Geiger—as the circuit court stated at the hearing— that a defendant’s confession under section *775 92.565 could only be admitted after the State had proven its case through a showing of a corpus delicti. Section 92.565(2)’s displacement of the corpus delicti rule was clear, and we said as much in Geiger, Id. at 674 (“We agree that section 92.565 replaces the corpus delicti rule with the trustworthiness doctrine with respect to the enumerated offenses.”). Our holding in Geiger did not conflate the common law of corpus delicti and the statute’s trustworthiness determination into an interdependent determination, as the circuit court’s ruling did below. We did not inadvertently reimplement the very common law requirement the statute had replaced. To be sure, the kind of evidence corroborating a confession’s trustworthiness may, at times, be substantially similar in quality or character to the kind of evidence that would have met the traditional requirements of corpus delicti. But that does not make the two kinds of evidence coterminous; and it certainly does not abolish the distinct trustworthiness requirement the legislature crafted when it enacted section 92.565, a statute which allows the circuit court to rely on the statements themselves as proof of their trustworthiness. See § 92.565(2) (“In making its determination, the court may consider all relevant corroborating evidence, including the defendant’s statements.”).
The language within the Geiger opinion that both the circuit court and the majority have seized upon—that there must be independent, corroborating evidence of trustworthiness, apart from the confession itself, to satisfy the statute’s requirement—was plainly satisfied in this case.[4] Again, the circuit court was presented with evidence that Mr. Tumlinson. had spent significant time with J.T., including, on one occasion, outside of J.T.’s mother’s presence; that, based upon the court’s review of his recorded interview, he seemed “fine” in his interactions with law enforcement; that his interview was conducted in public; and that he did not appear to suffer from any kind of mental impairment. The circuit court was not only presented with this evidence, the court recounted much of it as findings of the court at the conclusion of the evidentiary hearings, findings that the court never modified or retracted in its later written order. In my opinion, the circuit court simply misapplied our holding in Geiger by collapsing the requirement for independent corroborating evidence of a confession’s trustworthiness into the corpus delicti evidentiary requirement that the confessed offense was actually committed.
There was competent, substantial evidence—specifically described by the circuit court during the hearings—that Mr. Tum-linson’s confession was sufficiently trustworthy to be admitted, and the circuit court made a finding on the record that his confession was one hundred percent trustworthy. Conversely, there was no evidence recited within the circuit court’s written order—apart from its misapplication of corpus delicti—that supported its finding that Mr. Tumlinson’s statements were untrustworthy. Cf § 92.565(4) (“The court shall make specific findings of fact, *776 on the record, for the basis of its ruling.”). Under section 92.565, the State should have been permitted to present these admissible confessions against Mr. Tumlin-son in a criminal case. I would reverse the circuit court’s order accordingly.

. "[W]hen a confession is relied upon to satisfy the state’s burden of proof to establish the defendant's guilt, there must be either direct or circumstantial evidence—apart from the confession—of the so-called corpus-delicti of the offense with which he is charged.” Ruiz v. State, 388 So.2d 610, 611 (Fla. 3d DCA 1980) (first citing Smith v. State, 93 Fla. 238, 112 So. 70 (1927), then citing Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976)).

. The court’s order also memorialized its denial of the State’s attempt, for purposes of its motion, to utilize Williams rule evidence of Mr. Tumlinson’s prior adjudication of delinquency for what may have been a similar offense. The propriety of that ruling was not raised in this appeal.

. In Geiger, 907 So.2d at 674, we applied certain federal precedents, interpreting federal law, to construe section 92,565 in a similar fashion as the federal courts’ adoption of the trustworthiness doctrine. We concluded that the statute’s trustworthiness requirement, like the trustworthiness doctrine in federal jurisprudence, must encompass ‘‘some evidence that tends to establish the type of harm for which the defendant is being criminally charged,” Id. at 675 (citing Wong Sun v. United States, 371 U.S. 471, 488-89, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) ("It is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused.”)).