DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

MARCUS NATHAN JACKSON,

Appellee.

No. 2D23-212
_____

April 12, 2024

Appeal from the Circuit Court for Sarasota County; Lee E. Haworth,
Senior Judge.

Ashley Moody, Attorney General, Tallahassee, and Elba Caridad Martin,
Senior Assistant Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and Maureen E. Surber,
Assistant Public Defender, Bartow, for Appellee.

PER CURIAM.

    Affirmed.

VILLANTI and KHOUZAM, JJ., Concur.
ATKINSON, J., Dissents with opinion.

ATKINSON, Judge, Dissenting.

The State appeals the trial court's order granting Mr. Jackson's motion in limine, which precluded the State from introducing Mr. Jackson's confession into evidence at trial pursuant to section 92.565, Florida Statutes (2021). I respectfully dissent because, for the reasons explained below, I would reverse the trial court's order and remand for further proceedings.

## Background

The State charged Mr. Jackson in a three-count information for offenses committed against his six-year-old daughter. Count I alleged that Mr. Jackson committed a sexual battery by digital penetration of her vagina, in violation of section 794.011(2)(a), Florida Statutes; Count II alleged that Mr. Jackson committed a sexual battery through penile-vaginal contact, also in violation of section 794.011(2)(a); and Count III alleged that Mr. Jackson committed lewd or lascivious molestation through her touching of his penis, in violation of section 800.04(5)(b), Florida Statutes.

Precipitating the State's information was Mr. Jackson's recorded confession to law enforcement at the Sarasota County Sheriff's Office on November 17, 2021, which was transcribed in two parts. In the first part, Mr. Jackson confessed to Detective Gaeta that he rubbed his penis on his daughter's vagina and ejaculated. When asked if "[a]t any time during that did your daughter touch you," he responded, "She did touch it." In the second part, Mr. Jackson confessed to Detective Ortiz that he rubbed his penis on his daughter's vagina and ejaculated and, during that time, his daughter touched his penis, and that he put his finger in his daughter's vagina "[m]aybe twice."

2

Mr. Jackson filed a motion in limine requesting the trial court "to conduct a hearing to determine the admissibility of [his] Confession." He contended that before his confession could be admitted into evidence at trial, the State was required comply with section 92.565 by "prov[ing] by a preponderance of the evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement made by the defendant." In its response, the State argued that there was "sufficient corroborating evidence that tends to establish the trustworthiness of [Mr. Jackson's] recorded confession to law enforcement on November 17, 2021[,] and request[ed] its admission at trial."

As part of its argument that the statutory trustworthiness corroboration requirement for admission of Mr. Jackson's confession had been met, the State relied upon the circumstances of the confession itself. The State noted that it was Mr. Jackson who voluntarily contacted law enforcement to initiate the November 17, 2021, meeting during which he confessed to the detectives about what happened with his daughter. The State also pointed out that the fifty-two-year-old Mr. Jackson was of sufficient age and maturity. And the State pointed to the fact that Mr. Jackson had expressed relief "throughout the interview with Detective Ortiz" after "getting this off his chest" by confessing.

To corroborate the trustworthiness of the confession, the State also relied upon evidence of prior statements made by Mr. Jackson, including a series of messages Mr. Jackson exchanged with a woman he met through an online singles group on Facebook and a transcript of a controlled call in which a detective posed as the woman from Facebook. In the Facebook messages, Mr. Jackson described various sexual encounters his daughter had with other young boys and described

3

situations in which he left his daughter alone with other young boys despite knowing such sexual encounters had happened before. He claimed his daughter enjoyed it, which he described as "pretty hot" and making him "happy." He asked the woman if her children "get hard" when cuddling with her, suggesting that "if the boys climbed in bed with [her] and they could see it they would want to put it inside [her]" and encouraging her to "maybe let them see it a little more often and see what they do." The woman expressed uncertainty and asked Mr. Jackson if he had "ever done anything with [his] daughter?" Mr. Jackson responded: "No she has touched it but she likes touching herself. She's very curious about it." The woman later testified that she understood Mr. Jackson to be referring to his daughter touching his penis.

On the controlled call, the detective, posing as the woman with whom Mr. Jackson had exchanged the Facebook messages, asked Mr. Jackson whether he would want their kids to get together to "engag[e] in something like sexual." Mr. Jackson responded that he would want to "let them just kind of explore it and, you know, do whatever they're comfortable with." He explained that his daughter "knows . . . kind of what to do" and could tell her boys about her prior experience of "how they put it inside of her" and "how good it felt." When asked if he ever lets his daughter do anything to him, Mr. Jackson responded, "No. I mean, she's touched it, but that's about it." Mr. Jackson also stated that "[y]our boys and I would probably have fun." The State argued that Mr. Jackson's statements in the Facebook messages and on the controlled call evidenced his "lustful attitude" toward his daughter, which tended to establish the trustworthiness of his subsequent confession to law enforcement that he had acted upon his desires.

4

The trial court found that, "upon review of the context, content, and circumstances of his incriminating admissions, . . . the statements standing alone [were] highly trustworthy and compelling evidence of criminal behavior." Nonetheless, the court reasoned that, "separate from the confessional statements themselves," there was no evidence that "tends to establish the type of harm for which the defendant is being criminally charged." The court further explained that "independent corroborative evidence of the three charged crimes is missing," noting there was "no victim testimony, medical/forensic evidence, or eye-witnesses." The trial court granted Mr. Jackson's motion in limine and precluded the State from "introduc[ing] [Mr. Jackson's] admissions to the jury."

## Analysis

The State argues that the trial court erred in granting Mr. Jackson's motion in limine pursuant to section 92.565. The trial court's factual findings are reviewed for competent substantial evidence, but its resolution of legal questions and its application of the facts to the law are reviewed de novo. *See Allen v. State*, 70 So. 3d 700, 702 (Fla. 4th DCA 2011) (explaining the standard of review in an appeal of a trial court's order entered pursuant to section 92.565 (citing *State v. Glatzmayer*, 789 So. 2d 297, 301 n.7 (Fla. 2001))).

Generally, "[a] person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime." *State v. Allen*, 335 So. 2d 823, 825 (Fla. 1976). Under the corpus delicti rule, the State must "at least show the existence of each element of the crime" before the defendant's confession may be admitted. *Id.*; *see also Bradley v. State*, 918 So. 2d 337, 339 (Fla. 1st DCA 2005) ("Florida courts continue to

5

hold that the corpus delicti of a crime must be established independently of the defendant's confession. Consequently, the state must present evidence to show that the crime was committed and that all of the elements exist before the defendant's confession may be admitted in evidence.").

However, the Florida Legislature created an exception to the corpus delicti rule regarding the admissibility of confessions in certain sexual abuse cases. *See Bradley*, 918 So. 2d at 340 ("[Section 92.565] eliminates the need to establish the corpus delicti of the crime as a predicate to admitting the defendant's confession in evidence."). In such cases,

> the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy.

§ 92.565(2).[1] "[T]he state must prove by a preponderance of the evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant." § 92.565(3). Hearsay evidence is admissible, and "the court may consider all relevant corroborating evidence, including the defendant's statements." *Id.*

The State argues that the trial court effectively applied the corpus delicti rule in derogation of section 92.565 because it granted the motion in limine for lack of independent evidence of the charged offenses when

_____

[1] In this case, the State was unable to show the existence of each element of the crime because the victim was less than twelve years of age. *See Bradley*, 918 So. 2d at 341 (explaining that section 92.565(2)(c) "creates a bright-line exception [to the corpus delicti rule] for victims under the age of twelve").

6

the State only needed to present evidence corroborating the trustworthiness of the confession. The State further argues that it "presented sufficient evidence demonstrating, by a preponderance of the evidence[,] that [Mr.] Jackson's admissions to law enforcement were trustworthy."

The State's concern that the trial court might have improperly applied the corpus delicti rule in a context in which it is statutorily inapplicable might be overblown. *Cf. State v. Tumlinson*, 224 So. 3d 766, 775 (Fla. 2d DCA 2016) (Lucas, J., dissenting) (contending the trial court had "collapse[d] the requirement for independent corroborating evidence of a confession's trustworthiness into the corpus delicti evidentiary requirement that the confessed offense was actually committed"). While the trial court pointed out a purported lack of "independent corroborative evidence of the three charged crimes," its statement does not, in isolation, necessarily impose the corpus delicti requirement that some independent evidence of each and every element of the crime be adduced before admission of the confession. And while the State correctly identifies a relevant distinction between evidence supporting the commission of a crime and evidence corroborating the trustworthiness of the confession, corroboration of a declarant's confession that he committed the charged crime might likely, if not often, also corroborate commission of the charged crime itself. *See id.* ("To be sure, the kind of evidence corroborating a confession's trustworthiness may, at times, be substantially similar in quality or character to the kind of evidence that would have met the traditional requirements of corpus delicti.").

However, the trial court did erroneously disregard sufficiently corroborative evidence of the confession's trustworthiness by misidentifying statements that the State presented to corroborate the

7

trustworthiness of Mr. Jackson's confession as part of the confession itself that needed to be corroborated. In other words, the trial court conflated Mr. Jackson's confession that the State sought to introduce at trial with his other statements that the State presented to corroborate the trustworthiness of the confession, treating all of Mr. Jackson's statements—including the Facebook messages and controlled call statements—as "confessional" and subjecting them all to the trustworthiness analysis set forth in section 92.565. But under section 92.565(3), corroboration of the confession sought to be admitted can take the form of "statements" made by the defendant, even though the "statement" sought to be admitted—the "confession or admission"— cannot itself be "evidence" corroborating its own trustworthiness. Whether by a failure to distinguish between corroborative statements and the confession that was the subject of the motion in limine or by a misreading of the statute to require the State to present something more than statements made by Mr. Jackson to corroborate the confession's trustworthiness, the trial court erred when it concluded that the State had presented no evidence "separate from the confessional statements themselves" and therefore no "corroborating evidence" of the trustworthiness of the confession the State sought to admit.

Section 92.565 differentiates between the "memorialized confession or admission" that is the subject of the trustworthiness requirement and "the defendant's statements" that may be used as "corroborating evidence" to prove the trustworthiness of the memorialized confession or admission the State seeks to admit into evidence. *Compare* § 92.565(2) ("[T]he defendant's memorialized confession or admission is admissible . . . if the court finds . . . that the defendant's confession or admission is trustworthy."), *with* § 92.565(3) ("[T]he court may consider all relevant

8

corroborating evidence, including the defendant's statements.").  The trustworthiness of "the statement" (singular) constituting the "confession or admission" the State is seeking to admit into evidence may be supported by *other* "corroborating" "statements" (plural) made by the defendant.  *See* § 92.565(3) ("Before the court admits the defendant's confession or admission, the state must prove . . . that there is sufficient corroborating evidence that tends to establish the trustworthiness of *the statement* by the defendant" and "the court may consider all relevant corroborating evidence, including the defendant's *statements*." (emphasis added)).  In other words, the "memorialized confession or admission"— although possibly comprised of one or more statements—cannot corroborate itself, but the corroborating evidence can take the form of other statements made by the defendant—which themselves might be confessional in nature or constitute admissions to crimes.  *See* § 92.565(3); *Hernandez v. State*, 946 So. 2d 1270, 1276 (Fla. 2d DCA 2007) ("To 'corroborate' means '[t]o strengthen or support with other evidence; make more certain.'  Thus a confession cannot corroborate itself." (alteration in original) (quoting The American Heritage Dictionary of the English Language 412 (4th ed. 2000))).  More simply put, not every statement made by the defendant constitutes a "memorialized confession or admission" subject to the trustworthiness analysis.

The State only requested that the trial court determine the admissibility of Mr. Jackson's "recorded confession to law enforcement on November 17, 2021."  And the State made clear at the hearing that "[t]he issue is whether the State has established by [a pre]ponderance of evidence that the statement he made *to law enforcement* was trustworthy."  (Emphasis added.)  The statute allowed the State to rely on Mr. Jackson's other "statements" in his Facebook messages and on the

9

controlled call as "corroborating evidence" to attempt to establish the trustworthiness of his confession to law enforcement. § 92.565(3).

While some of Mr. Jackson's Facebook and controlled call statements could themselves be inferred as "confession[s]" or "admission[s]" to one of the charged offenses, they were not the statements the State was seeking to admit as a "confession or admission." *See* § 92.565(3).[2] Mr. Jackson stated that his daughter had "touched it," which ostensibly referred to his daughter touching his penis. *See* § 800.04(5)(a) (providing that "lewd or lascivious molestation" occurs when "[a] person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, *or forces or entices a person under 16 years of age to so touch the perpetrator.*" (emphasis added)). However, the State adduced that statement among others not for the purpose of admitting them into evidence at trial but rather to corroborate the memorialized confession it *was* seeking to admit into evidence—his recorded confession to law enforcement. The trial court should have considered the former in evaluating the trustworthiness of the latter. *Cf. State v. Lena*, 819 So. 2d 919, 920–21 (Fla. 3d DCA 2002) (holding the trial court erred in excluding a portion of the defendant's statement because "[section 92.565] is only applicable to confessions or admissions relating to a charged sexual abuse offense").

The corroborative statements included Mr. Jackson's statements about his daughter's sexual involvement with other boys, his expression

_____

[2] Because the State was not attempting to admit them into evidence pursuant to section 92.565, this court need not address the question of whether they could constitute "*memorialized* confession[s] or admission[s]" as that phrase is utilized in section § 92.565(2). (Emphasis added.)

of his arousal regarding his daughter's sexual encounters, his encouragement to the woman that she let her boys see her genitals, and his mention of the possibility of his daughter getting together with the woman's two boys to engage in sexual activity. Those statements are not confessions or admissions to the crimes charged. Moreover, even if they were, they were not the "memorialized confession or admission" the State was seeking to admit; the State was using them as corroboration. And they do corroborate the *trustworthiness* of his confession to law enforcement that the State was seeking to admit. It is less likely that Mr. Jackson's confession was the product of confusion, incapacity, coercion, mistake, or some motivation other than truth-telling when considering that on other occasions—within recent temporal proximity to his confession, no less—he made statements indicating a cavalier attitude toward his young daughter's sexual activity and the sexual activity of children generally and even entertained the idea of involving his daughter in sexual acts with a potential paramour. His statements exhibited a proclivity for involving his daughter in his own sexual gratification, which tends to support that his subsequent confession to law enforcement that he engaged in sexual conduct with his daughter was a trustworthy statement admitting the truth of the accusation against him and not a false confession motivated by fear or other influence. *Cf. Chaparro v. State*, 873 So. 2d 631, 633 (Fla. 2d DCA 2004) (suggesting "[t]he primary purpose behind the [corpus delicti] rule 'is to protect a defendant from being convicted of a nonexistent crime due to "derangement, mistake or official fabrication." ' " (quoting *Baxter v. State*, 586 So. 2d 1196, 1198 (Fla. 2d DCA 1991)). Thus, the State is correct that the trial court erred by concluding it had not adduced sufficient evidence corroborating the

11

trustworthiness of the confession that was the subject of Mr. Jackson's motion in limine.

To the extent the State alternatively contends that it need rely on nothing more than the confessions or admissions it seeks to admit in order to satisfy the trustworthiness corroboration requirement of the section 92.565(3), such a contention is unsupported by the language of the statute. "*[E]vidence*" is required, and that evidence can be "statements" made by the defendant—but not the confessions or admissions themselves. *See* § 92.565(3) (emphasis added). While the *circumstances* of the confession itself might be relevant indicia of its trustworthiness, the substance of the statement constituting the confession the State seeks to admit cannot be the corroboration required of the statute—because something cannot corroborate itself. *See Hernandez*, 946 So. 2d at 1276 ("[A] confession cannot corroborate itself."). More is required under a statute that conditions the admissibility of a defendant's confession on the sufficiency of "corroborating evidence." *See* § 92.565(3).

Mr. Jackson misplaces reliance on this court's prior decisions in *Tumlinson*, 224 So. 3d 766, and *Geiger v. State*, 907 So. 2d 668 (Fla. 2d DCA 2005). In *Tumlinson*, the State made clear it was attempting to introduce the defendant's journal entries and his recorded statements to law enforcement into evidence at trial pursuant to section 92.565, both of which contained admissions relating to the charged offense that he made sexual contact with a child. 224 So. 3d at 767–68. Because there was no evidence corroborating the trustworthiness of those statements apart from the statements themselves, the court affirmed the trial court's exclusion of the statements from trial. *Id.* at 770–71. Similarly, in *Geiger*, the State sought to introduce statements made by the defendant

in a variety of contexts pursuant to section 92.565, in all of which he made admissions relating to the charged offense. 907 So. 2d at 669–70. Because the State presented no *other* evidence that established the trustworthiness of the admissions it sought to introduce into evidence other than the admissions themselves, this court reversed the trial court's decision to admit the statements. *Id.* at 675–76. Unlike both *Tumlinson* and *Geiger,* in this case the State relied on statements other than those that constituted the confession to the charged offenses that it sought to have admitted, and those *other* statements tended to corroborate the trustworthiness of his confession to law enforcement. *Cf. Tumlinson,* 224 So. 3d at 770 ("[N]othing apart from Tumlinson's journals and oral and written statements—*all of which the State sought to have admitted*—corroborates those statements." (emphasis added)); *see also Lena,* 819 So. 2d at 920–21.

Because the State proved by a preponderance of the evidence that statements made by Mr. Jackson via Facebook and on the controlled call corroborated the trustworthiness of his recorded confession to law enforcement, the trial court erred in granting Mr. Jackson's motion in limine. The confession was admissible pursuant to section 92.565. Accordingly, I would reverse the trial court's order and remand for further proceedings.

————————————————

Opinion subject to revision prior to official publication.

13