DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

STATE OF FLORIDA,

Appellant,

v.

JAMES DEAN YOUNG,

Appellee.

No. 2D2024-0963
_____

April 2, 2025

Appeal from the Circuit Court for Sarasota County; Thomas W. Krug, Judge.

James Uthmeier, Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellant.

Blair Allen, Public Defender, and Andrea M. Norgard, Assistant Public Defender, Bartow, for Appellee.


PER CURIAM.

Affirmed. *See State v. Tumlinson*, 224 So. 3d 766 (Fla. 2d DCA 2016).


BLACK, J., Concurs.
LABRIT, J., Concurs separately with an opinion in which SMITH, J., Concurs.

LABRIT, Judge, Concurring separately.

Because the State conceded below that the trial court had to follow

*State v. Tumlinson*, 224 So. 3d 766 (Fla. 2d DCA 2016), and because it acknowledged that it had failed to meet its burden under section 92.565, Florida Statutes (2023), as interpreted by *Tumlinson*, I agree that the trial court's decision must be affirmed. However, this case presents an opportunity to address *Tumlinson* and to clarify the application of section 92.565. A proper analysis of section 92.565's language demonstrates that *Tumlinson* misapplied the statute by imposing requirements not found in its text.

I.

Section 92.565 replaces the traditional corpus delicti rule with a trustworthiness test.[1] *See Geiger v. State*, 907 So. 2d 668, 673–74 (Fla. 2d DCA 2005). Section 92.565 reads, in relevant part, as follows:

> (2) In any criminal action in which the defendant is charged with a crime against a victim under . . . s[ection] 794.011 . . . the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is

---

[1] Corpus delicti requires the prosecution to establish that a crime has occurred before introducing a defendant's confession or statement as evidence. *See Franqui v. State*, 699 So. 2d 1312, 1317 (Fla. 1997). Historically, this rule was intended to protect against wrongful convictions based solely upon false or coerced confessions. *See Burks v. State*, 613 So. 2d 441, 443 (Fla. 1993). However, some jurisdictions, including Florida, have adapted or eliminated the corpus delicti rule in some or all instances. *See, e.g., Armstrong v. State*, 502 P.2d 440, 447 (Alaska 1972); *People v. LaRosa*, 293 P.3d 567, 573–77 (Colo. 2013); *State v. Hafford*, 746 A.2d 150, 174 (Conn. 2000); *State v. Yoshida*, 354 P.2d 986, 990 (Haw. 1960); *State v. Meyers*, 799 N.W.2d 132, 139 (Iowa 2011); *State v. Dern*, 362 P.3d 566, 582–83 (Kan. 2015); *State v. Zysk*, 465 A.2d 480, 483 (N.H. 1983); *State v. Wilson*, 248 P.3d 315, 321 (N.M. 2010); *Fontenot v. State*, 881 P.2d 69, 77–78 (Okla. Crim. App. 1994); *State v. Osborne*, 516 S.E.2d 201, 204–05 (S.C. 1999); *State v. Plastow*, 873 N.W.2d 222, 229 (S.D. 2015); *State v. Bishop*, 431 S.W.3d 22, 57–61 (Tenn. 2014); *State v. Mauchley*, 67 P.3d 477, 480 (Utah 2003).

2

unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:

(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s[ection] 794.011;

(b) Physically incapacitated due to age, infirmity, or any other cause; or

(c) Less than 12 years of age.

(3) Before the court admits the defendant's confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.

(4) The court shall make specific findings of fact, on the record, for the basis of its ruling.

Thus section 92.565 creates a four-step process that a trial court must undertake before admitting a defendant's statements under the statute:

(1) Determine whether the charged "offense qualifies as a sexual abuse" crime. *See Bradley v. State*, 918 So. 2d 337, 340 (Fla. 1st DCA 2005).

(2) Determine whether "the [S]tate is unable as a result of some disability on the part of the victim to prove an element of the crime." *See id.*

(3) Determine whether "the [S]tate has proven that the defendant's confession is trustworthy." *See id.*

3

(4) Make "specific findings of fact on the issue of trustworthiness."

    *See id.*

Each step must be satisfied before moving onto the next, and if any of the first three steps are not satisfied, the statement is not admissible under the statute.[2]

As one might guess, the meat of the four-step process is found in step three, which requires the trial court to determine whether the State has proven that the defendant's confession is trustworthy. The statute tells us how the trial court should go about the task—it must determine whether the State has (1) proven by a preponderance of the evidence (2) that sufficient corroborating evidence exists (3) which tends to establish the trustworthiness of the defendant's statement. § 92.565(3). If all three elements of 92.565(3) are met, step three is satisfied. In making the step three determination, the statute allows the trial court to consider hearsay and "all relevant corroborating evidence, including the defendant's statements." § 92.565(3). That is what the language of the statute provides. Yet, the majority in *Tumlinson* gleaned quite a bit more than that from the statute's plain text.

## II.

## A.

In *Tumlinson*, 224 So. 3d at 767, Kenneth Tumlinson was charged with lewd or lascivious molestation of a child under twelve years old. The case arose after Mr. Tumlinson's roommates alerted law enforcement to entries in Mr. Tumlinson's journal, which described inappropriate contact with a child, J.T. *Id.* Law enforcement interviewed Mr. Tumlinson, who gave oral and written statements corroborating some of

---

[2] The trial court's determination in any step is subject to appellate review. *See Bradley*, 918 So. 2d at 340.

the journal's content. *Id.* J.T. was nonverbal, so the State moved to admit Mr. Tumlinson's statements under section 92.565. *Id.* at 767–68. Following an evidentiary hearing, the trial court denied the State's motion. *Id.* at 769.

On review, this court affirmed. *Id.* at 771. The majority acknowledged that section 92.565 eliminated the corpus delicti rule and replaced it with the trustworthiness test for certain types of cases. *Id.* at 769–70. The majority also recognized that this test requires corroborating evidence that tends to establish the trustworthiness of the defendant's confession. *Id.* However, the majority held that Mr. Tumlinson's journal entries, as well as his oral and written statements to law enforcement, lacked corroboration independent of the statements themselves and thus were inadmissible. *Id.* In his dissent, Judge Lucas opined that section 92.565 permits the confession itself to provide part of the corroboration if it includes specific and reliable details. *Id.* at 775 (Lucas, J., dissenting). Judge Lucas considered the content of the journal entries, Mr. Tumlinson's statement to law enforcement, and other surrounding circumstances and concluded that "[u]nder section 92.565, the State should have been permitted to present these admissible confessions against Mr. Tumlinson in a criminal case." *Id.* at 775–76. In my view, Judge Lucas was correct.

B.

Nevertheless, *Tumlinson* is the law of this district, which proved problematic for the State in the proceedings below. As described further in section IV, Mr. Young was charged under section 794.011(1)(h), Florida Statutes (2012), with one count of sexual battery on a child less than twelve years of age while being eighteen years of age or older after he made a spontaneous statement that he had inserted his finger into

5

the anus of the victim, C.F. Mr. Young would go on to make additional statements, including one that was memorialized by law enforcement, confirming the incident.

Early in the proceedings, Mr. Young moved for a hearing pursuant to section 92.565 and asked the court to exclude all his statements. The trial court held the hearing and, at the close of the evidence, asked the State whether it had to follow *Tumlinson*.[3] Although the State believed

---

[3] Throughout the proceedings below, the State, the defense, and the trial court articulated varying interpretations of the holdings of *Geiger*, 907 So. 2d 668, and *Tumlinson*, 224 So. 3d 766. At the beginning of the hearing on Mr. Young's motion, defense counsel maintained that *Geiger* and *Tumlinson* require the State to produce independent evidence that corroborates a defendant's statements before those statements are admissible under section 92.565, telling the trial court that "a confession cannot corroborate itself[,] meaning the trial court cannot rely exclusively on the content of the [d]efendant's statements and the circumstances under which they were made to form an opinion about their trustworthiness." Later in the hearing, defense counsel stated that "[i]ndependent evidence that a crime actually happened" was required before a defendant's statement could be admitted under section 92.565. The State told the trial court that *Geiger* and *Tumlinson* require "independent proof of the crime before the statements . . . become admissible." Similarly, the trial court construed *Tumlinson* as only requiring "corroborative, independent fact[s] unrelated to the statements" but in nearly the same breath agreed that "[i]ndependent evidence that a crime actually happened" was necessary under section 92.565. It seems that the scope of those cases' holdings was a point of confusion for everyone involved.

This court in *Geiger* stated that "there must be some evidence that tends to establish the type of harm for which the defendant is being criminally charged." *Geiger*, 907 So. 2d at 675; *see also Tumlinson*, 224 So. 3d at 770 (quoting *Geiger* for the same proposition). However, it appears that the *Geiger* court may not have been referring to independent evidence that a crime had occurred—as would be necessary under the traditional corpus delicti standard—but rather was describing what kind of independent evidence would corroborate a defendant's statement. *See Geiger*, 907 So. 2d at 675–76 (discussing *United States v. Lee*, 315 F. Supp. 2d 1038 (D. Ariz. 2003), as a case in which the

6

that *Tumlinson* was wrongly decided, it conceded that *Tumlinson* applied and that, under *Tumlinson*, it had failed to meet its burden of showing that Mr. Young's statements were admissible under section 92.565. Accordingly, the trial court granted Mr. Young's motion and excluded his statements. Although the State attempts to distinguish *Tumlinson* on appeal, it disavowed that it was distinguishable in the proceedings below and therefore this court cannot consider that argument. *See, e.g., Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."). And although the State argued in the proceedings below that *Tumlinson* was wrongly decided, it has apparently abandoned that position on appeal so this court cannot consider that argument either. *See Filomia v. Celebrity Cruises Inc.*, 271 So. 3d 1199, 1200 (Fla. 3d DCA 2019) ("[A]n issue not raised in an initial brief is deemed abandoned." (alteration in original) (quoting *J.A.B. Enters. v. Gibbons*, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992))).

Our hands being thus tied, we must affirm, having no authority to overrule another panel of this court even if we were so inclined. *Cf. In re Rule 9.331, Determination of Causes by a Dist. Court of Appeal En banc, Fla. Rules of App. Proc.*, 416 So. 2d 1127, 1128 (Fla. 1982) ("[A] three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law . . . ."); *Wood v. Fraser*, 677 So. 2d 15, 18 (Fla. 2d DCA 1996) ("[A]bsent an en banc opinion expressly receding from a point of law announced in previous opinions of this

_____

defendant's statements would have been sufficiently corroborated by independent evidence).

7

court, a trial court should not rely on the expressions of a three-judge panel as a basis to conclude that a previous opinion of another three-judge panel no longer carries the force of law."); *State v. Washington,* 114 So. 3d 182, 188–89 (Fla. 3d DCA 2012) ("This panel is not free to disregard, or recede from, that decision; only this Court, sitting en banc, may recede from an earlier opinion.").  Nevertheless, I believe *Tumlinson* <u>was</u> wrongly decided.

III.

Unencumbered by *Tumlinson,* and with the right opportunity, I would give section 92.565 a proper textual analysis that captures the statute's apparent purpose—to balance the need for trustworthiness against a victim's limitations.  To that end, I offer two observations.  First, by my reading of the statute, there is no prohibition upon the trial court considering whether the statement to be admitted is self-corroborating.  *Cf. Tumlinson,* 224 So. 3d at 770 ("[A] confession cannot corroborate itself . . . ." (quoting *Hernandez v. State,* 946 So. 2d 1270, 1276 (Fla. 2d DCA 2007))).  To the contrary, the statute permits the trial court to "consider all relevant corroborating evidence, *including the defendant's statements.*"  § 92.565(3) (emphasis added).  Second, the statute by its own terms suggests that not every statement that can be characterized as confessional is subject to the corroboration requirement found in the third step.  Rather, it is only the defendant's "memorialized confession or admission" that must be corroborated by evidence that tends to show its trustworthiness.

A.

Turning to my first observation, the plain language of section 92.565(3) shows that the statute permits a trial court to consider whether a defendant's statements are self-corroborating.  The text allows

8

the trial court to "consider all relevant corroborating evidence, *including the defendant's statements*." § 92.565(3) (emphasis added). Section 92.565(3) does not impose an exclusionary rule barring reliance on the statements themselves; rather, it provides broad latitude to consider "all relevant corroborating evidence." The phrase "including the defendant's statements" explicitly encompasses the very statements under evaluation, leaving no textual basis to exclude self-corroboration. *See Allen v. State*, 70 So. 3d 700, 702 (Fla. 4th DCA 2011) ("The Florida statute is similar to the federal standard for the admissibility of a defendant's confession. . . . [F]ederal courts [can] find the requisite corroboration to establish trustworthiness 'in the detailed nature of the confession itself, or in the recital of facts that would be unknown to anyone other than the criminal.' " (quoting *United States v. Felder*, 572 F. Supp. 17, 22 (E.D. Penn. 1983))); *cf. United States v. Lopez-Alvarez*, 970 F.2d 583, 592 (9th Cir. 1992) (explaining that, under the federal trustworthiness doctrine, the State "must introduce independent evidence tending to establish the trustworthiness of the admissions, *unless the confession is, by virtue of special circumstances, inherently reliable*" (emphasis added)); *People v. LaRosa*, 293 P.3d 567, 577–78 (Colo. 2013) ("Under the trustworthiness standard, the prosecution is not required to present evidence other than a defendant's confession to establish the corpus delicti. Rather, the prosecution must present evidence that proves the trustworthiness or reliability of a confession. . . . '[T]he corroborating facts may be of *any sort whatever,* provided only that they tend to produce a confidence in the truth of the confession.' " (alteration in original) (quoting *Wigmore on Evidence* § 2071, at 511)).

As further discussed below, the plain language of section 92.565(2) shows that only a "memorialized confession or admission" is subject to

9

the trustworthiness test required by the statute. By subjecting all of Mr. Tumlinson's statements—particularly those contained in his journal entries—to corroboration, the *Tumlinson* majority misapplied the statute. But even assuming that all statements that are confessional in nature must be corroborated, the trial court should have been permitted to consider the self-corroborating nature of Mr. Tumlinson's memorialized confession and journal entries. As Judge Lucas explained in his dissent:

> With respect to his diary, the majority recounts its entries, which, I would simply observe, include extraordinarily detailed descriptions of interactions between Mr. Tumlinson and J.T., who is specifically identified by name and appearance throughout his writings. The interactions described in Mr. Tumlinson's diary vividly describe molestation of J.T. by Mr. Tumlinson.

*Tumlinson,* 224 So. 3d at 772 (Lucas, J., dissenting). The "detailed nature" of Mr. Tumlinson's journal entries and "the recital of facts that would be unknown to anyone other than" Mr. Tumlinson are indicative of the entries' trustworthiness and should have been considered by the trial court when determining whether Mr. Tumlinson's memorialized confession was admissible without the State first having to prove corpus delicti. *See Allen,* 70 So. 3d at 702.

B.

Turning to my second observation, the phrase "memorialized confession or admission" in subsection (2) sets a clear standard for what type of confession or admission allows the State to bypass the corpus delicti requirement—one documented in some tangible form. *Cf. Black's Law Dictionary* 1279 (7th ed. 1999) (defining "record" as "[a] documentary account of past events, usu[ally] designed to *memorialize* those events; *information that is inscribed on a tangible medium* or that, having been stored in an electronic or other medium, is retrievable in

10

perceivable form" (emphasis added)); *Black's Law Dictionary* 1437 (4th ed. 1968) (defining "record" as "[a] written account of some act, transaction, or instrument, drawn up, *under authority of law, by a proper officer*, and *designed to remain as a memorial* or permanent evidence of the matters to which it relates" (emphasis added)).  Thus, under the statute's plain terms, only a memorialized statement—not every statement confessional in nature the defendant may have made—is subject to the corroboration requirement.  *Cf. State v. Jackson*, 385 So. 3d 189, 192 (Fla. 2d DCA 2024) (Atkinson, J., dissenting) ("Section 92.565 differentiates between the 'memorialized confession or admission' that is the subject of the trustworthiness requirement and 'the defendant's statements' that may be used as 'corroborating evidence' to prove the trustworthiness of the memorialized confession or admission the State seeks to admit into evidence.").

Additional support for this construction of section 92.565(2) is found by examining section 560.125(8), Florida Statutes (2023), which eliminated the necessity for corpus delicti in money laundering cases; section 560.125(8) is the only other Florida statute besides section 92.565 to remove the corpus delicti requirement in certain circumstances.  Section 560.125(8) reads:

> In any prosecution brought pursuant to this section, the common law corpus delicti rule does not apply.  The defendant's confession or admission is admissible during trial without the state having to prove the corpus delicti if the court finds in a hearing conducted outside the presence of the jury that the defendant's confession or admission is trustworthy.  Before the court admits the defendant's confession or admission, the state must prove by a preponderance of the evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant.  Hearsay evidence is admissible during the presentation of evidence at

11

the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.

Notably absent from section 560.125(8) is any requirement that the "confession or admission" sought to be introduced be "memorialized." When two statutes address similar subject matter but use different language, courts should conclude that the distinction is intentional. *Cf. Carlson v. State*, 227 So. 3d 1261, 1267 (Fla. 1st DCA 2017) ("We typically view the Legislature's use of varied language in the same statute as a sign the Legislature intended varied things."); *Hinzman v. Winter Haven Facility Operations LLC*, 109 So. 3d 256, 257 (Fla. 1st DCA 2013) ("[B]ecause the Legislature specified 'business days' elsewhere in section 440.13, canons of statutory interpretation (particularly the presumption of consistent usage) dictate that the Legislature's use of the unmodified term 'days' here refers to consecutive or calendar days.").

In *Tumlinson,* there was only one memorialized confession—the one Mr. Tumlinson made to law enforcement following discovery of his journal entries. *Tumlinson*, 224 So. 3d at 767. Under the statute's plain terms, the journal entries could be used to corroborate Mr. Tumlinson's memorialized confession without the State first needing to show those statements' trustworthiness because they were not memorialized confessions.

C.

The *Tumlinson* majority read into section 92.565 restrictions that simply do not exist in the statutory text. In contrast, the interpretation I have offered adds nothing extraneous to the statute and is faithful to the statute's apparent purpose—striking a fair balance between safeguarding trustworthiness on the one hand, and acknowledging the challenges presented by the limitations of certain victims on the other.

12

IV.

Turning once more to the case at bar, the facts highlight how the plain language of section 92.565 provides a straightforward path to evaluating the admissibility of confessions. And proper application of the statute's text leaves no room to doubt that all of Mr. Young's memorialized confession was admissible without the State first having to prove corpus delicti. According to the State's evidence, Mr. Young made five admissions to having sexually battered the victim, C.F.—one of which was a "memorialized confession or admission" and the other four of which were statements confessional in nature only.

Mr. Young's first admission occurred on May 3, 2023, when Mr. Young ran into C.F.'s mother at a convenience store. While making small talk, Mr. Young told C.F.'s mother that he needed to tell her something. He then told her that he had played with, and then inserted his finger into, C.F.'s anus. When C.F.'s mother became upset, Mr. Young showed her his fingertip, saying that he only inserted a bit of his finger. At that point, C.F.'s mother became sick, began crying, and drove away.

The next admission occurred four days later, on May 7, when C.F.'s father picked up C.F. from a friend's house. They were driving toward the highway when C.F.'s father saw Mr. Young riding a bike and stopped to ask him about what he had said to C.F.'s mother. Mr. Young started the conversation by remarking that C.F. was "looking good." Mr. Young then proceeded to explain that he had rubbed, and inserted his finger into, C.F.'s anus. A verbal altercation began, at which point Mr. Young shoved C.F.'s father, began to run, and then tripped and fell.

The next admission occurred mere moments later, as Deputy Erick Flanagan happened to observe the altercation between Mr. Young and

C.F.'s father while on patrol. Deputy Flanagan stopped and separated the parties. When Deputy Flanagan spoke with Mr. Young, Mr. Young stated that he had been riding his bike when C.F.'s father began yelling at him about inserting his finger into C.F.'s anus. Mr. Young expressed to Deputy Flanagan that the incident wasn't a "big deal" and that he did not understand why C.F.'s father would be so upset about something that had occurred ten years ago.

The fourth admission—the one which was a "memorialized confession or admission" and therefore subject to the trustworthiness test imposed by section 92.565—occurred that same day, when Mr. Young, post-*Miranda*,[4] explained to Detective Austin Pacher during a taped interview that he lived with C.F.'s family in 2012. Mr. Young acknowledged that he had inserted his finger into C.F.'s anus but "heard something" and stopped. Mr. Young was adamant that it had only been the tip of his finger and showed Detective Pacher his finger, indicating a length of about one-half inch from the tip.

The final admission occurred that evening. At the time of his jail booking, Mr. Young asked why he was being arrested. Upon receiving an answer, Mr. Young stated that nothing had really happened ten years ago and he had simply poked a friend's son's rectum with his fingertip.

In line with the plain text of section 92.565, the trial court considered how Mr. Young's statements corroborated each other and themselves through their consistency and spontaneity and also considered the circumstances surrounding the statements. In its written order, the trial court noted:

> The statements made by [Mr. Young] were consistent to
> multiple people, from [C.F.'s] parents to law enforcement.
> [Mr. Young] stated on multiple occasions that he inserted a

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

finger into [C.F.'s] anus. [Mr. Young] made the statements freely and voluntarily to all involved, spontaneously, with no threats before the statements. Some of the statements were made before any confrontation at all, while others were made after [Mr. Young] was confronted by the father who was highly upset. [Mr. Young] was not under the influence of drugs or alcohol, nor was he suffering from any apparent mental health issues at the time of the statements. [Mr. Young] was, at times during the relevant age of [C.F.], alone with the child.

In its oral ruling, the trial court also gave special attention to a unique characteristic of Mr. Young's statements—a consistent lack of remorse or understanding that what he had done was wrong:

[This] came up . . . as we heard from the mother who testified today, in a conversation with no threats being made, no animosity between the parties, no threats. Almost like this was a badge of honor. [Mr. Young] . . . didn't seem[] sickened by or upset about [it].

. . . .

[Mr. Young] tells [C.F.'s father] yeah, I stuck my finger in your son's butt. Like it's not a big deal.

. . . .

[Mr. Young] tells [Deputy Flanagan] yeah, I stuck my finger in a little boy's butt. Like it's something everybody does.

The trial court stated that Mr. Young's statements were "a hundred percent trustworthy," a finding which is supported by competent and substantial evidence. *See Geiger*, 907 So. 2d at 676 (applying the competent and substantial evidence standard to the question of whether the State had shown that Mr. Geiger's statements were trustworthy). That being so, the trial court's findings on the matter satisfied steps three and four of the four-step process required by section 92.565. Accordingly, the trial court should have ruled that Mr. Young's memorialized statement was admissible under the statute. Yet, through a misguided and extratextual interpretation of section 92.565 to which the trial court was bound, it could not do so. If that extratextual

15

interpretation of section 92.565 is correct, then I question what purpose the statute can possibly have.

V.

I read section 92.565's language to be clear and unambiguous. It establishes specific requirements for admitting memorialized confessions or admissions and provides courts with guidance on assessing trustworthiness through corroborating evidence. By imposing additional requirements not found in the text, *Tumlinson* disrupted this statutory framework. This court's role is not to rewrite the statute but to interpret and apply it as written. I have done so here, and I encourage this court to reexamine and recede from *Tumlinson* at the first opportunity.

SMITH, J., concurs.

_____

Opinion subject to revision prior to official publication.